IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELYN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03 C 2984 |
| v. | ) | |
| | ) | Maria Valdez, |
| NILES TOWNSHIP HIGH SCHOOL | ) | Magistrate Judge |
| DISTRICT 219, COOK COUNTY, | ) | |
| ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jacquelyn Smith ("Smith"), sued Defendant, Niles Township High School District 219, Cook County, Illinois ("District 219" or "the District"), for its alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203. Thereafter, on October 15, 2004, District 219 moved for summary judgment on all counts. On March 22, 2006, this Court issued a Memorandum Opinion and Order, in which it granted District 219's motion as to the vast majority of Smith's counts and but denied it as to the single issue of whether District 219 failed to accommodate her disability during the time Smith was posted at Niles West's front door.[1] Mem. Op. & Order, No. 03 C 2984, at 32 (N.D. Ill. Mar. 22, 2006). On March 31, 2006, District 219 filed a "Motion to Reconsider" the

---

[1] The underlying facts and the parties' summary judgment arguments are set forth in detail in the Court's Memorandum Opinion and Order of March 22, 2006. *See* Mem. Op. & Order, No. 03 C 2984 (N.D. Ill. Mar. 22, 2006).

portion of this Court's Memorandum Opinion and Order denying summary judgment as to the failure to accommodate issue.[2] For the reasons provided below, the Court denies District 219's motion.

## Standard of Review

A motion asking a court to reconsider its earlier judgment is treated as a Rule 59(e) motion if it has been filed within 10 days of the date on which that judgment was entered on the docket. *Trs. of the Chicago Painters & Decorators Pension, Health & Welfare & Deferred Savs. Plan Trust Funds v. Darwan*, No. 01 C 2458, 2006 WL 897942, at *3 (N.D. Ill. Mar. 31, 2006) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1986). *See also Darne v. State of Wisc., Dept. of Rev.*, 137 F.3d 484, 486 (7th Cir. 1998) (noting "entry of judgment is not completed until it is recorded on the docket"). "The only grounds for a Rule 59(e) motion . . . are newly discovered evidence, an intervening change in the controlling law, and manifest error of law [or fact]." *Local 73, Serv. Employees Int'l Union, AFL-CIO v. Argonne Nat'l. Lab, Univ. of Chicago*, No. 05 C 2772, 2006 WL 695532, at *2 (N.D. Ill. Mar. 13, 2006) (quoting *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998)). In so moving, Rule 59(e) "requires that the movant 'clearly establish' one of the aforementioned grounds for relief." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)). Moreover, the rule "does not permit a party the opportunity to undo its own procedural failures or present new evidence or arguments 'that could and should have been presented to the district court prior to judgment.'" *Woolner v. Flair Comm'cns Agency, Inc.*, No. 01 C 6043, 2005 WL 281219,

---

[2]The Court points out "that there is no pleading called a 'motion to reconsider' in the Federal Rules of Civil Procedure, though we generally construe such requests as being brought under Rule 59(e) or Rule 60(b)." *Walker v. Abbott Labs.*, 340 F.3d 471, 475 (7th Cir. 2003) (citing *United States v. Deutsch*, 981 F.2d 299, 300-01 (7th Cir. 1992)). In this case, the motion is properly called a "Motion to Alter or Amend a Judgment." *See* FED. R. CIV. P. 59(e).

at *1 (N.D. Ill. Jan. 31, 2005) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). Indeed, "[t]he rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Finally, the decision to grant a Rule 59(e) motion "is entrusted to the sound discretion of the district court." *Woolner*, 2006 WL 281289 at *1 (quoting *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996)).

## Analysis

As noted above, this Court denied District 219's motion for summary judgment solely on the issue of whether District 219 failed to accommodate Smith's disability during the time she was posted at Niles West's front door. *See* Mem. Op. & Order at 18. *See also* Second Am. Compl. at Count I ¶ 7(e) (contending that Degelmann "prohibit[ed] at least one other employee of Defendant from relieving Plaintiff while at [Niles West's front] reception desk, while knowing full well that Plaintiff suffered and was suffering from a physical condition that required her to have access to rest room facilities on short notice"). District 219 did address Smith's accommodation allegation in a footnote to their original summary judgment pleading. In that footnote, District 219 argued that Paragraph 7(e) of Smith's second amended complaint fell outside the scope of her February 2002 discrimination charge because Smith's deposition testimony "reveal[ed] for the first time that an employee was not allowed to relieve her at the front desk occurred on May 26, 2002." Mem. Op. & Order at 19 (quoting Def.'s Mem. Supp. Mot. Summ. J. at 3 n.6). District 219 seeks this Court to alter or amend its decision on a number of grounds. The Court will examine each in turn.

District 219 initially argues that Smith "did not make a claim of a 'failure to accommodate' an alleged disability" in Paragraph 7(e). (Def.'s R. 59(e) Mot. ¶ 4.) Instead, it contends that Smith's

claim that she was not relieved at Niles West's front reception desk was simply "one of the ways Defendant engaged in sex discrimination." (*Id.*) However, the Court disagrees with District 219's strict reading of Smith's second amended complaint. While Smith's failure to accommodate claim is found in the portion of her second amended complaint that also sets forth her allegations of sex discrimination, the Court notes that the particular allegation at issue, Paragraph 7(e), cannot reasonably be construed as an example of sex or gender discrimination. This is because Degelmann's alleged knowledge "that Plaintiff suffered and was suffering from a physical condition that required her to have access to rest room facilities on short notice" is not relevant to a sex discrimination claim, where plaintiffs generally allege that particular actions are taken because of a person's gender. *See, e.g., Doe by Doe v. City of Belleville, Ill.*, 119 F.3d 563, 577 (7th Cir. 1997) (vacated on other grounds at 523 U.S. 1001 (1998) ("Sexual harassment traditionally has been explained as sex discrimination by pointing out that the harassed plaintiff is subjected to treatment that members of the other gender are not."). Instead, Degelmann's knowledge of Smith's physical condition is pertinent to a reasonable accommodation claim, where such knowledge *is* relevant. *See, e.g, Weiler v. Household Fin. Corp.*, 101 F.3d 519, 525 (7th Cir. 1996) ("Under the ADA, an employer must reasonably accommodate the *known* physical or mental limitations of an otherwise qualified individual with a disability, unless the accommodation would impose an undue hardship on the employer.") (citing 42 U.S.C. § 12112(b)(5)(A) (emphasis added).

Indeed, if Smith drafted Paragraph 7(e) in a manner alleging that Degelmann prohibited another employee from relieving her because she was a woman, the Court would be inclined to agree with District 219's argument that Paragraph 7(e) was yet another allegation of gender based discrimination. However, she did not. Instead, Smith alleges that she was denied an

accommodation, albeit unartfully and in the midst of her sex discrimination claims. As such, Paragraph 7(e) is simply another example of a poorly drawn complaint, a fact recognized by District 219. *See* Def.'s R. 59(e) Mot. at 2 (writing that "Plaintiff's *confusing allegation* was one of the ways Defendant engaged in sex discrimination") (emphasis added). And, where confusion exists in a pleading, the Federal Rules of Civil Procedure mandate a reading in a light favorable to Smith. *See* FED. R. CIV. P. 8(f) ("All pleadings *shall* be so construed as to do substantial justice.") (emphasis added).[3] Further, District 219 was on notice that Smith was asserting an ADA claim. Smith's EEOC charge and "right to sue" letter both contain an ADA allegation. And, as previously noted, Smith's second amended complaint (while poorly drafted) contains an allegation raising an ADA issue. Finally, Smith's complaint includes a request for relief under the ADA in her prayer for relief.

Even with this information, District 219 chose to limit its summary judgment motion to a strict reading of the complaint rather than a more comprehensive attack on all fronts. District 219 now argues that summary judgment on the ADA claim would be appropriate. It argues Smith did not meet her burden under the applicable summary judgment rules. *See* Def.'s R. 59(e) Mot. at 7-8 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), for its proposition that if a "nonmoving party fails to make a sufficient showing on an essential element of her case, the moving party is entitled to judgment as a matter of law"). To the extent that District 219 contends it addressed a failure to accommodate allegation in the course of briefing its motion for summary judgment, the

---

[3]This reading accords with the Court's observation in the part of its Memorandum Opinion and Order where the Court pointed out that "[t]hough Smith alleges a failure to accommodate within her charge of sex discrimination, the Court notes that under the liberal federal pleading standards, District 219 had notice of Smith's allegation, particularly where she included a failure to accommodate based on a spastic colon/irritable bowel in her charge cross-filed with the EEOC and IDHR." Mem. Op. & Order at 18 n.7.

Court's reading of that motion was that such arguments were an attempt by District 219 to argue that Smith was not discriminated against with regard to her job assignments. Thus, they were not an attempt to show that Smith was denied a reasonable accommodation.

Moreover, the Court notes that before District 219 (or any movant) can shift the burden in summary judgment to a non-moving party, it must first meet its own burden of production. As the Seventh Circuit explained:

> The *Celotex* Court decided only that where the movant demonstrates that the nonmovant will be unable to produce any evidence at trial supporting an essential element of a claim for which the nonmovant bears the burden of proof, summary judgment is appropriate even though the movant cannot adduce any affirmative evidence *disproving* the essential claim. But even after *Celotex*, an unsupported-or "naked"-motion for summary judgment does not require the nonmovant to come forward with evidence to support each and every element of its claims. Only after the movant has articulated with references to the record and to the law specific reasons why it believes there is no genuine issue of material fact must the nonmovant present evidence sufficient to demonstrate an issue for trial.

*Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 979 (7th Cir. 1996) (citing *Celotex*, 477 U.S. at 323) (internal citations omitted). While Smith may not rest on her pleadings and must affirmatively demonstrate the existence of a genuine issue of material fact, see FED. R. CIV. P. 56(e), her burdens are not invoked without an appropriate argument propounded by the moving party. *See Logan*, 96 F.3d at 979. Taken to its logical limit, District 219's reading of Rule 56 would, in effect, mean that a moving party would need to do no more than make a mere statement such as "summary judgment is required on all counts" in order to obtain summary judgment on those counts.

Next, District 219 argues that even if Smith pled a failure to accommodate claim, she has not set forth any evidence of the three required elements necessary to survive summary judgment on a reasonable accommodation claim. *See* Def.'s Reply Supp. R. 59(e) Mot. at 4. In so arguing, District

219 relies primarily on the fact that Smith testified she was relieved ten to twenty times during the course of a shift. *Id.* However, in a failure to accommodate case, a single allegation of a failure to provide a reasonable accommodation appears to be sufficient to support a failure to accommodate claim. *See, e.g., Rauen v. U.S. Tobacco Mfg. Ltd. P'ship*, 319 F.3d 891, 895-96 (7th Cir. 2003) ("Therefore, to prevail on her ADA claim Rauen must show that she has a disability, that she is 'otherwise qualified' for the job, and that her employer refused to make *a* 'reasonable accommodation' for her disability.") (emphasis added); *Stevens v. Ill. Dept. of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000) ("To make out a claim under the ADA, an individual must show . . . that the employer took an adverse job action against her because of her disability *or* failed to make *a* reasonable accommodation.") (second emphasis added). And, in arguing in its Reply that Smith cannot meet the elements of a reasonable accommodation claim, the Court notes that District 219 raises that argument for the first time. As noted above, Rule 59(e) "does not permit a party the opportunity to undo its own procedural failures or present new evidence or arguments 'that could and should have been presented to the district court prior to judgment.'" *Woolner*, 2005 WL 281219 at *1 (quoting *Moro*, 91 F.3d at 876).

District 219's final argument, also raised for the first time in its "Reply In Support of its Motion to Reconsider," contends that the Court is without subject matter jurisdiction to hear the ADA claim found in Paragraph 7(e) as "[f]ederal courts do not have jurisdiction to hear Title I claims for money damages unless the state has waived its immunity."[4] Def.'s Reply Supp. R. 59(e)

---

[4] While arguments raised for the first time in a reply brief are generally treated as waived, see *Walker v. Wallace Auto Sales, Inc.*, 155 F.3d 927, 930 (7th Cir.1998), because the Court may not decide a case without subject matter jurisdiction, "neither the parties nor their lawyers may . . . waive arguments that the court lacks jurisdiction." *Dave v. Ashcroft*, 363 F.3d 649, 652 (7th Cir. 2004) (quoting *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir.2000)).

Mot. at 6 (citing *Bd. of Tr. of the Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001)). District 219 contends that while Illinois has waived its sovereign immunity for suits in federal court by state employees for violations of the ADA, see State Lawsuit Immunity Act, 745 ILL. COMP. STAT. 5/1.5 (effective Jan. 1, 2004), that waiver has not been applied retroactively. Def.'s Reply Supp. R. 59(e) Mot at 7 (citing *Blalock v. Ill. Dept. of Human Servs.*, 349 F. Supp. 2d 1093 (N.D. Ill. 2004)). Hence, it appears to argue that the Supreme Court's finding in *Garrett*, in which the Court noted that Title I of the ADA was not a valid exercise of Congress' power to abrogate the states' Eleventh Amendment immunity, would bar Smith's accommodation claim since it alleges acts which occurred prior to the effective date of the State Lawsuit Immunity Act. *See id.* at 6-7. However, before this Court accepts District 219's argument of immunity, this Court must determine whether a school district is an arm of the state for purposes of invoking Eleventh Amendment immunity. Though Smith's allegations predate the effective date of the State Lawsuit Immunity Act, the Court nevertheless finds that District 219 is not entitled to Eleventh Amendment immunity for an alleged violation of the ADA.

In support of their argument, District 219 cites to a 1954 court opinion to support its "arm of the state" argument premised on *the 1970 enactment* of the Illinois state Constitution. While math has never been this Court's strong suit, it is clear that reliance on a 1954 opinion to support the interpretation of a 1970 legislative act raises a red flag. And, in this case, the red flag does mean stop for District 219. There is no legal support for their argument that a school district enjoys Eleventh Amendment immunity under the Illinois constitution.

In *Horwitz v. Board of Education of Avoca*, No. 98 C 6490, 2000 WL 1100858, at *1 (N.D. Ill. June 7, 2000), a school teacher sued her employing school board for alleged violations of the Age

Discrimination in Employment Act. *Id.* After reviewing the applicable case law which noted that in light of the Eleventh Amendment, "[i]ndividuals cannot sue a state perceived to be in violation of the ADEA," the district court turned to consider "whether the Board of Education of Acova [was] an arm of the state for the purpose of Eleventh Amendment analysis." *Id.* at *3. The court explained its answer clearly and succinctly, observing that "[o]n this point the case law in our Circuit is clear: *school boards in Illinois do not enjoy Eleventh Amendment protection.*"[5] *Id.* (emphasis added). In reaching its decision, the court cited approvingly to *Jones v. Board of Education of Township High School District No. 211*, 651 F. Supp. 760 (N.D. Ill. 1986), which concluded that under the reasoning of the Supreme Court in *Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274 (1977), an Illinois school board, though "a separate political body, established under [Illinois law with] a full panoply of governmental powers" was "not immune from suit under the Eleventh Amendment." *Jones*, 651 F. Supp. at 768. *See also Gary A. v. New Trier High Sch. Dist. No. 203*, 796 F.2d 940, 945 (7th Cir. 1986) (recognizing that "[t]he eleventh amendment applies to 'States, that "[a] local school district ordinarily is not a 'State' and hence may be sued in federal court for damages or other retroactive relief for violations of federal law or the constitution," and that "[t]he fact that a local school district receives a significant amount of money from the state does not mean that it is an arm of the state") (citing *Mt. Healthy*, 429 U.S. at 280) (internal quotation omitted). In light of this case law, this Court declines to find that District 219, an Illinois school board, is entitled to immunity from Smith's accommodation claim under the Eleventh Amendment.

---

[5]The Court finds as surprising District 219's failure to bring such case law to the Court's attention. *See United States v. Fiore*, No. 00 C 423, 2000 WL 149289, at *4 (N.D. Ill. Feb. 9, 2000) (reminding counsel of their "ethical obligation to cite all legal authority in the controlling jurisdiction that is directly adverse to the client's claims") (citing ILL. R. PROF. CONDUCT 3.3(a)(3)).

## Conclusion

For the reasons provided above, the Court denies District 219's motion to alter or amend this Court's Memorandum Opinion and Order of March 22, 2006. A status hearing on this case is set for May 24, 2006 to discuss the potential for settlement or to set remaining pre-trial dates.

SO ORDERED:

DATE: MAY 0 1 2006

HON. MARIA VALDEZ
U.S. Magistrate Judge